UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BILL CANNON.,

Plaintiff,

-v.-

HISTORICAL DESIGN, INC.,

Defendant.

24 Civ. 7662 (JHR) (GWG)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Bill Cannon brought this action against Defendant for copyright infringement under 17 U.S.C. §§ 101 *et seq*. ECF No. 1 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein recommending that the Court (1) enter judgment for Plaintiff in the amount of $5,400 in statutory damages and $2,484.80 in attorney's fees and other costs and (2) issue a permanent injunction "enjoining [D]efendant from displaying the photograph on its website or in any other medium under the [D]efendant's control." ECF No. 33 at 15. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Gorenstein's recommendation.

**BACKGROUND**[1]

Plaintiff filed his Complaint on October 9, 2024. ECF No. 1. On October 18, 2024, the Court entered an order referring the case to the Court-annexed Mediation Program and set an initial pretrial conference for January 13, 2025. ECF Nos. 7, 8. Defendant was served with process on October 25, 2024. ECF No. 10. Its deadline to respond to the Complaint was therefore November

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 33.

15, 2024. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

After Defendant failed to appear and respond to the Complaint, on December 26, 2024, Plaintiff "request[ed] an adjournment *sine die* of the deadline to complete mediation and an adjournment" of the initial pretrial conference as "Plaintiff intend[ed] to move for default judgment within thirty (30) days." ECF No. 12. The Court granted Plaintiff's request and directed Plaintiff to "move for default judgment no later than January 11, 2025." ECF No. 13.

Upon Plaintiff's application, ECF No. 14, the Clerk of Court issued a certificate of default against Defendant on January 10, 2025, ECF No. 18. That same day, Plaintiff filed his motion for a default judgment, along with a memorandum of law, supporting declarations, and a statement of damages. ECF Nos. 19-23. Plaintiff's motion for default judgment was served on Defendant on January 10, 2025 via first-class mail. ECF No. 24.

On June 10, 2025, the Court granted Plaintiff's motion for a default judgment, ECF No. 27, and referred the case to Judge Gorenstein for inquest, ECF No. 28.

On September 9, 2025, Judge Gorenstein issued a 16-page Report and Recommendation recommending that Plaintiff be awarded "$5,400.00 in statutory damages[,] $2,015.00 for attorneys' fees[, and] $469.80 in costs." ECF No. 33 at 15. Judge Gorenstein also recommended that "a permanent injunction should issue enjoining defendant from displaying the photograph on its website or in any other medium under the [D]efendant's control." *Id.* The Report and Recommendation notified the parties that they had "fourteen days . . . to file any objections." *Id.* The Report and Recommendation also cautioned that, "[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to the Report and Recommendation on appeal." *Id.* No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would prevent a party from "rais[ing] any objections . . . on appeal," ECF No. 33 at 15, neither party filed any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear

error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded judgment in the amount of $7,884.80, consisting of $5,400 in statutory damages; $2,015 in attorneys' fees; and $469.80 in costs. Defendant is also permanently enjoined from displaying the photograph on its website or in any other medium under Defendant's control. By **July 27, 2026,** Plaintiff shall serve this Order on Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: July 20, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge